JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02062-RGK-SP | Date | October 14, 2025 |
|---|---|---|---|
| Title | ***DERRICK RATHBONE ET AL. V. FORD MOTOR CO.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Motion to Remand [20]

## I. INTRODUCTION

On December 26, 2024, Derrick and Rebecca Rathbone ("Plaintiffs") filed a Complaint against Ford Motor Company ("Defendant") in Riverside County Superior Court alleging violations of the Song-Beverly Act. (ECF No. 2-1.)

Thereafter, on January 30, 2025, Defendant removed the case based on diversity jurisdiction. *See Rathbone et al. v. Ford Motor Co.*, No. 25-cv-00268 (C.D. Cal. 2025). On February 20, 2025, this Court issued an Order to Show Cause that the amount in controversy was satisfied for purposes of diversity jurisdiction. After Defendant filed its Response to the Order to Show Cause, this Court remanded the case upon finding that the amount in controversy had not been sufficiently established, explaining that Defendant's calculation of the amount in controversy was speculative.

After the case was remanded, on August 1, 2025, Plaintiffs served a statutory Offer to Compromise pursuant to Cal. Civ. Proc. Code § 998, demanding $118,000 from Defendant in exchange for Plaintiffs releasing their claims (the "§ 998 Offer"). On August 7, 2025, Defendant filed the instant Notice of Removal based on the § 998 Offer.

Presently before the Court is Plaintiffs' Motion to Remand. (ECF No. 20.) For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

## II. JUDICIAL STANDARD

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states, and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02062-RGK-SP | Date | October 14, 2025 |
|---|---|---|---|
| Title | ***DERRICK RATHBONE ET AL. V. FORD MOTOR CO.*** | | |

jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

### III.  DISCUSSION

Plaintiffs argue the case should be remanded once again because Defendant's calculation of the amount in controversy is still speculative, and the § 998 Offer does not change that. Defendant argues that the § 998 Offer removes the speculation surrounding the amount in controversy because Plaintiffs themselves demanded $118,000, which is well above the $75,000 threshold.

Settlement offers may, in some instances, provide evidence of the amount in controversy, but only if they reflect a reasonable estimate of the plaintiff's claim. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2022). In *Babasa*, the Ninth Circuit found a settlement letter sufficient to establish the amount in controversy. 498 F.3d at 974. That letter included detailed calculations based on the unpaid wages and civil penalties at issue.[1] *Id.* at 973, 975. Other district courts in this Circuit have declined to rely on settlement demands when the demands lacked a clear factual basis. *See Hanshew v. Blazing Wings, Inc.*, 2016 WL 7489043, at *3 (D. Nev. Dec. 30, 2016) (settlement demand inadequate to prove amount in controversy where there was no indication the pecuniary demand was reasonable).

Here, unlike in *Babasa*, Plaintiffs' settlement demand does not substantiate the demanded figure at all. The only detail given is that the $118,000 Plaintiffs ask for includes "loan payoff (if any), . . . incidental damages and/or consequential damages, and . . . civil penalties." (O'Bryan Decl., Ex. G, ECF No. 2-7).[2] Thus, the § 998 Offer does not change the Court's view regarding the speculative nature of

---

[1] It is worth noting that the *Babasa* court also noted the amount in controversy was clear from the face of the complaint, even without considering the settlement letter. *Babasa*, 498 F.3d at 975 n.2.
[2] The fact that Plaintiffs included "(if any)" after loan payoff indicates Plaintiffs were using boilerplate terms, further supporting the notion that the settlement demand is unsubstantiated.

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02062-RGK-SP | Date | October 14, 2025 |
|---|---|---|---|
| Title | *DERRICK RATHBONE ET AL. V. FORD MOTOR CO.* | | |

the amount in controversy in this case. Defendant has not met its burden to show that the amount in controversy meets the jurisdictional requirement.

Accordingly, the Court **GRANTS** the Motion.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion and **REMANDS** the action to state court for all further proceedings.

All pending dates before this Court are vacated.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/gz |